**Earl E. WILBURN, Petitioner–Appellant,**

v.

**Michael NELSON and the Attorney General of Kansas, Respondents–Appellees.**

No. 00–3168.

United States Court of Appeals, Tenth Circuit.

Feb. 21, 2001.

Before BRORBY, KELLY, and MURPHY, Circuit Judges.[*]

ORDER AND JUDGMENT [**]

PAUL KELLY, JR., Circuit Judge.

Petitioner Earl E. Wilburn, an inmate appearing pro se, seeks a certificate of appealability ("COA") allowing him to appeal the district court's order denying relief on his petition for a writ of habeas corpus, 28 U.S.C. § 2254. Because Mr. Wilburn has failed to make "a substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2), we deny his request and dismiss the appeal.

In March 1990, Mr. Wilburn was convicted in Kansas state court of the first degree murder of his ex-wife's boyfriend and the second degree murder of his ex-wife. He was sentenced to consecutive terms of life imprisonment and fifteen years to life, respectively. His conviction was affirmed on direct appeal by the Kansas Supreme Court. *State v. Wilburn,* 249 Kan. 678, 822 P.2d 609 (1991). After unsuccessfully raising his claims in three state post-conviction proceedings, *Wilburn v. State,* No. 68,447, 852 P.2d 110 (Kan.Ct. App. April 30, 1993) (unpublished); *Wilburn v. State,* No. 70,635, 878 P.2d 232 (Kan.Ct.App. July 29, 1994) (unpublished); *Wilburn v. State,* No. 78,931, 975 P.2d 271 (Kan.Ct.App. Oct.23, 1998) (unpublished), Mr. Wilburn filed the instant federal habeas petition. The district court denied the petition on the merits, R.O.A. Doc. 38, and denied a COA. *Id.* Doc. 41.

Mr. Wilburn raises six claims before this court: (1) whether the trial court erred in failing to instruct the jury on the defense of diminished capacity; (2) whether the trial court erred in ruling that the issue of whether petitioner's Miranda rights had been violated was properly taken up prior to trial; (3) whether the trial court erred in refusing to conduct an evidentiary hearing regarding allegations of juror misconduct and ineffective assistance of counsel; (4) ineffective assistance of counsel; (5) whether the trial court properly instructed the jury regarding the element of intent; and (6) whether the trial court properly instructed the jury on the elements of second degree murder.

We have reviewed the district court's order in light of Mr. Wilburn's submissions to this court and the record on appeal. We agree that Mr. Wilburn has failed to establish that the underlying state court decisions were "contrary to, or involved an unreasonable application of, clearly estab-

---

[*] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1(G). The cause is therefore ordered submitted without oral argument.

[**] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir.R. 36.3.

lished Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or were "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2).

We DENY Mr. Wilburn's request for a COA and DISMISS this appeal.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir.R. 36.3.